UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLATBORN RASHIED FRAZIER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID DIGUGLIELMO, et al.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br><br>No. 06-4186 |

**MEMORANDUM/ORDER**

July 27, 2007,

　　Plaintiff Clayborn Rashied Frazier, a Pennsylvania prisoner incarcerated at the State Correctional Institute at Graterford ("Graterford" or "S.C.I. Graterford"), filed a pro se complaint on September 9, 2006, alleging numerous statutory and constitutional violations by prison officials stemming from the confiscation of written materials from Frazier's prison cell.  On January 31, 2007, defendants David DiGuglielmo, Kim Ulisny, Michael Lorenzo, Jesse White, Ardell Bell, Arthur Butler, and Gamalier Soto ("defendants" or "Commonwealth defendants"[1]) moved to dismiss the complaint; the motion to dismiss was served on the plaintiff by mail.  *See* Docket No. 6 (Motion to Dismiss and Certificate of Service).  As of yet, the plaintiff has filed no response to the defendants' motion; nor has he moved for an extension of time to file such a response.

---

[1] All seven defendants are officials or officers at S.C.I. Graterford.

Such response is, of course, long overdue. *See* Local R. Civ. P. 7.1 ("Motion Practice") ("[A]ny party opposing the motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion and supporting brief."). Nevertheless, the court notes the following facts: (1) plaintiff is proceeding pro se; (2) plaintiff is incarcerated; and, most importantly, (3) during the intervening time, plaintiff and defendants have been involved in extended settlement talks, overseen by United States Magistrate Judge M. Faith Angell.

Because this case has not been in a strictly adversarial posture, it is possible that Frazier erroneously assumed that his responsibility to respond to the defendants' motion (if, indeed, he intends to respond) was temporarily suspended. Accordingly, Frazier shall have until August 31, 2007 to file a response to defendants' motion to dismiss, which he may do by delivering such response to prison officials for mailing.[2] If Frazier does not file a response to the motion to dismiss (or file an amended complaint) by August 31, 2007, the motion to dismiss will be granted as uncontested under Local Rule of Civil Procedure 7.1(c) ("In the absence of a timely response, [a] motion may be granted as uncontested . . . .").

Finally—although plaintiff's tardiness will be excused in this instance—the court notes its agreement with the statement of the District Court for Delaware that:

---

[2] *See Houston v. Lack*, 487 U.S. 266, 270 (1986) (stating so-called "prison mailbox rule"—i.e., that date of filing would be considered to be date on which prisoner "deposited [document] with prison authorities for mailing to the Clerk of the District Court").

> Although requirements of technical pleading and conformity with procedural rules should be viewed liberally when a litigant is acting pro se, the rules are not suspended simply because the litigant is unrepresented by counsel. The pro se complainant must exercise reasonableness and good faith in prosecution of his claims.

*Carter v. Three Unknown Police Officers of Wilmington Police Dept.*, 112 F.R.D. 48, 51–52 (D. Del. 1986). In this instance, the court will assume that Frazier was acting reasonably and in good faith, but Frazier is advised to keep in mind that "pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995); *accord Hedges v. United States*, 404 F.3d 744, 752–53 (3d Cir. 2005).

## ORDER

Accordingly, it is hereby **ORDERED** that the court shall accept as timely any response to defendants' motion to dismiss filed[3] by plaintiff on or before August 31, 2007.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.

---

[3] As stated above, such a response will be considered filed when it is deposited with prison officials for mailing to the Clerk of the District Court.